## W. A. GRIFFITH AND JONES *v.* W. C. CONWAY.

**Land—Sale in Gross—Fraud or Mistake—"More or Less."**

> When a vendor knows the tract of land he is selling does not contain the number of acres represented, he cannot shield himself from this presumed fraud or mistake by adding the words "more or less."

**Same—Criterion of Abatement.**

> The true rule is the abatement for the difference in the value of the property as it was at the time of the sale, and as it was represented to be.

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 6, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant Jones sold to appellee Conway a lot of ground with its improvements, in Hack Foure, representing it verbally and in his deed to Conway, as containing six acres and three-quarters, more or less; it really contained only six poles over 4 3-4 acres, and was sold tœo Jones by Griffith as containing the latter number of acres and so described in his deed to Jones.

The sale by Jones to Conway was in gross, at the price of $1,200, in four annual instalments, for which notes were executed,

all of which seem to have been paid but the last, and it had been assigned by Jones to Griffith.

Conway asks that a prorata deduction be made and the court did allow him $300, and this is the matter in controversy.

As determined by this court at its present sitting in Sharpe vs. Powel, when a vendor knows the tract of land he is selling does not contain the number of acres represented, he cannot shield himself from this presumed fraud or mistake by adding the words "more or less." But the main controversy in this case turns upon the measure of the deduction which should be made, the vendee insisting that he purchased the place as a situation for a blacksmith shop and wagon yard, and that a pro rata deduction of the whole purchase price should be made according to the number of acres; appellants, on the other hand, insist that the improvements constitute the main value and that the land was not worth more than some sixty or seventy-five dollars per acre, and that as the vendee got all the improvements, he is only entitled to a deduction for the value of the land without these.

But as decided by this court in Fall vs. McMurdy 3 Met. 370, neither of these contain the true criterion in cases of town property when the improvements formed the principal element of value, but in such case, the true role is the abatement for the difference in the value of the property as it was at the time of the sale, and as it was represented to be, taking into consideration the location, size and value of the lot, with its improvements, and the purposes for which it was bought and designed to be used. With this criterion, we are not prepared to say the court below erred in the amount of abatement.

Wherefore, the judgment is affirmed.

(See John Sharpe vs. Powell & Adams, page——)

*Kennedy, for appellant.*

*Norvell, Stanton & T., for appellee.*